UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SUSAN CAPRIOTTI, ET AL. | CIVIL ACTION NO. 18-CV-00304 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| BROOKSHIRE GROCERY COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by Defendant Brookshire Grocery Company ("Brookshire"). [Record Document 21]. For the reasons below, the motion is **DENIED**.

### I. Background

The injured plaintiff, Susan Capriotti ("Capriotti"), was shopping at Brookshire's grocery store in Springhill, Louisiana in late June 2016[1] when she slipped and fell, sustaining an injury. [Record Document 1-2 at 1–2]. Brookshire has produced video surveillance from one hour prior to the incident to half an hour afterwards. [Record Document 21, Exhibit 1-A]. The video shows the produce section of Brookshire's grocery store and some of the surrounding area, covering what appears to be most or all of two aisles, separated by a mid-height display case. [Id.]. The relevant incidents all occur in the aisle to the right from the camera's perspective. Approximately twelve minutes prior to Capriotti's fall, a store employee is seen wet mopping the floor throughout the relevant aisle, pausing briefly to scrub in the same location where Capriotti would later fall. [Id. at 20:59:57.3–21:02:16.2]. There are three yellow "wet floor" warning cones visible in the video, two

---

[1] The record is inconsistent as to whether the accident occurred on June 29 or June 30. It seems more likely that June 30, 2016, is the correct date, but in any event the exact date is not relevant to the outcome of the case.

1

cones located in the adjacent aisle and a single cone next to the short produce display near where Capriotti fell. [Id.]. During his mopping, the employee picks up and moves the single yellow warning cone present in the aisle being mopped so he can continue his work; he leaves it placed against the produce case on the far left side of the aisle. [Id. at 21:00:33.1–:34.3].

At roughly 9:12 p.m., Capriotti is seen entering the aisle from the bottom of the frame and looking to her right. [Id. at 21:12:36.3]. She turns her head to the left, walks generally towards the single yellow cone visible in the aisle, then proceeds up the aisle just to the right of center. [Id. at 21:12:40.3–:42.3]. At about the time she is even with the warning cone, or just past it, and perhaps five feet or so to the right of it, she is seen falling to the floor. [Id. at 21:12:43.3–:44.3]. Capriotti remains on the floor for about seven minutes, during which time she is found by another customer who leaves to summon additional help. [Id. at 21:12:44.3–:19:03.1]. While Capriotti is being helped up by the store employee and another person, the store employee moves the warning cone away from the display case and into the location where Capriotti fell. [Id. at 21:19:04.3–:08.1]. He returns about three minutes later to wipe the floor in the same area with paper towels. [Id. at 21:22:20.2–:33.2].

Brookshire asserts that the existence of the single yellow "wet floor" warning cone in the vicinity of Capriotti's fall satisfied its duty to exercise reasonable care in warning customers of the potential hazard of a recently mopped and wet floor and that therefore it is entitled to summary judgment. [Record Document 24 at 4]. Capriotti counters that the presence of the warning cone was entirely coincidental, that it was not placed as a warning to customers that the floor throughout the aisle had been mopped, and that it does not represent reasonable care on Brookshire's part. [Record Document 23 at 16].

## II. Standard on Summary Judgment

Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322–23. The substantive law identifies which facts are critical and which facts are irrelevant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Factual disputes that are irrelevant or unnecessary will not be counted." Id.

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Tex. Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047, all

3

factual controversies must be resolved in favor of the nonmovant, see Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005). However, a factual controversy exists only when "both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

### III. Analysis

#### A. Applicable Substantive Law

"Under Louisiana law regarding slip and fall cases, merchants carry the highest duty to protect patrons from dangers." Kadlec v. La. Tech Univ., 50,841, p. 7 (La. App. 2 Cir. 11/16/16); 208 So. 3d 992, 996. The enhanced duty owed by merchants is defined by La. R.S. 9:2800.6(A): "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." Although a grocery store owner has "an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons." Tanner v. Brookshire Grocery Co., 29,276, p. 3 (La. App. 2 Cir. 4/2/97); 691 So. 2d 871, 873 (citing Johnson v. Wal-Mart Stores, Inc., 616 So. 2d 817, 821 (La. Ct. App. 1993)).

In connection with the duty owed by merchants, Louisiana law also heightens the burden of proof on plaintiffs in slip and fall cases, according to La. R.S. 9:2800.6(B):

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the

4

claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

A plaintiff must prove all three requirements of La. R.S. 9:2800.6(B), and "the failure to prove any is fatal to the claimant's cause of action." White v. Wal-Mart Stores, Inc., 97-0393, p. 7 (La. 9/9/97); 699 So. 2d 1081, 1086.

In her opposition, Capriotti acknowledges the applicability of La. R.S. 9:2800.6, but appears to claim that simple negligence principles could also apply, presumably under Louisiana Civil Code articles 2315 or 2317.1, which relate to general negligence and defects in things, respectively. [Record Document 23 at 6]. This can be true where injuries on a merchant's premises are caused by another customer, by direct interaction with an employee, or by a physical defect in the premises. See, e.g., Orr v. Academy La. Co., 2012-1411 (La. App. 3 Cir. 5/1/13); 157 So. 3d 44 (plaintiff struck by another patron riding a bicycle in the store); Myers v. Burger King Corp., 92-0400 (La. App. 4 Cir. 5/26/94); 638 So. 2d 369 (plaintiff injured by falling menu board improperly attached to wall); Crooks v. Nat'l Union Fire Ins. Co., 620 So. 2d 421 (La. Ct. App. 1993) (plaintiff tripped by employee with a vacuum cleaner cord). However, since the current case involves a claim for injuries resulting from a patron's fall due to a wet floor and Capriotti concedes the applicability of La. R.S. 9:2800.6(B), [Record Document 23 at 5–6], she must satisfy the burden prescribed by the slip-and-fall statute.

5

B.  **Location of the Warning Cone and Fall**

Capriotti contests two of Brookshire's undisputed facts — the location of the yellow warning cone and its position relative to the wet area of the floor or the location where she fell. [Record Document 23-18 at 1–2]. While the existence and location of the yellow warning cone is material to determining whether Brookshire exercised reasonable care, the claimed dispute really amounts to no more than different characterizations of facts that both parties acknowledge. The actual location of the yellow warning cone and the location of Capriotti's fall are clearly shown on the video surveillance and extracted photos. Both Brookshire and Capriotti refer to the same images to support their contentions regarding the warning cone. In addition, although the Court "review[s] evidence in the light most favorable to the nonmoving party, [it] assign[s] greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." Carnaby v. City of Hous., 636 F.3d 183, 187 (5th Cir. 2011) (citing Scott v. Harris, 550 U.S. 372 (2007)). Since neither party disputes the accuracy or relevance of the video surveillance recording or provides conflicting evidence, there is no genuine dispute as to the location of the warning cone or of Capriotti's fall.

Nevertheless, the breach element of a negligence claim is itself a factual question. Brewer v. J. B. Hunt Transp., Inc., 2009-1408,-1428, p. 14 (La. 3/16/10); 35 So. 3d 230, 240 (citing Mundy v. Dep't of Health & Human Res., 620 So. 2d 811, 813 (La. 1993)). In a slip-and-fall case, a plaintiff demonstrates that a merchant breached its duty by providing evidence that satisfies each of the elements of the merchant liability statute. La. R.S. 9:2600(B). Hence, even though the underlying facts are undisputed, this Court must still decide whether those facts foreclose any dispute about the elements of La. R.S. 9:2800.6(B).

### C. Whether Brookshire had Actual or Constructive Notice

Because the first and third elements of the merchant liability statute are linked, this Court will dispose of the second element before moving on to the others. This element requires a showing that Brookshire either created the condition causing the damage or had notice of it. La. R.S. 9:2800.6(B)(2). Neither party contests the fact that a store clerk mopped the area where Capriotti fell approximately twelve minutes prior to her fall. [Record Documents 21-1 at 1 and 23 at 2]. As no other explanation is provided or alleged for her fall, the Court infers that a wet floor from recent mopping was the hazardous condition that caused her fall. Because Brookshire created that condition, Capriotti does not need to prove actual or constructive notice. Therefore, the record evidence on this element is sufficient to survive summary judgment.

### D. Whether Brookshire Created an Unreasonable Risk of Harm and Exercised Reasonable Care

The first and third elements of the merchant liability statute both involve a reasonableness inquiry. To satisfy the first element, a plaintiff must show that the merchant created an unreasonable risk of harm, while the third element is met by a showing that the merchant failed to act with reasonable care. La. R.S. 9:2800.6(B)(1),(3). In the specific case of mopping floors, the unreasonableness of the risk of harm is defined in part by the reasonableness of actions taken to warn patrons of the potential hazard. Melancon v. Popeye's Famous Fried Chicken, 2010-1109, p. 4 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 516. Since the reasonableness inquiries depend on overlapping facts, the Court will examine these two elements together.

Capriotti asserts that Brookshire created an unreasonable risk of harm merely by mopping its floors during business hours. [Record Document 25-1 at 4]. While "[f]loors wet from mopping have been found to create unreasonable risks of harm," the jurisprudence does not allow for an automatic inference that mopping during business hours always creates an unreasonable risk or is

7

negligent. Harrison v. Horseshoe Entm't, 36,294, p. 10–11 (La. App. 2 Cir. 8/14/02); 823 So. 2d 1124, 1129. Louisiana courts have found there are good reasons for businesses to mop their floors during business hours, including patron safety and spill cleanup. Melancon, 2010-1109 at p. 4; 59 So. 3d at 516. No evidence suggests that Brookshire had anything other than a legitimate and reasonable purpose in mopping its floors during business hours, especially when such mopping was conducted around 9:00 p.m., when the store was likely to have few customers. Even in those cases in which mopping is found to create an unreasonable risk of harm, courts focus on whether the merchant exercised reasonable care by providing an adequate warning of the risk. See, e.g., Carter v. Brookshire Grocery Co., 29,166, p. 5–6 (La. App. 2 Cir. 2/26/97); 690 So. 2d 933, 937; Sampson v. Lemoine, 94-1568, p. 3–4 (La. App. 3 Cir. 5/3/95); 657 So. 2d 181, 183.

The relevant factual dispute in this case is whether a single warning cone placed approximately half-way up an aisle and set against the left side of that aisle represents reasonable care in warning patrons that the entire aisle had been recently mopped and may be wet or slippery. There are no jurisprudential or statutory rules regarding how much signage is appropriate when mopping floors with patrons present or where that signage should be placed. Rather, the reasonableness of a merchant's signage depends on a number of factors including "the merchant's type and volume of merchandise, the type of display, the floor space utilized for customer service, the volume of business, the time of day, the section of the business, and other considerations." Bertaut v. Corral Gulfsouth, Inc., 2016-0093, p. 5 (La. App. 5 Cir. 12/21/16); 209 So. 3d 352, 357 (citing Jackson v. Delchamps, Inc., 96-2417, p. 6 (La. App. 1 Cir. 3/27/97); 691 So. 2d 332, 335).

The case of Toussaint v. Baton Rouge General Medical Center represents the far boundary of what Louisiana courts have found to be unreasonable in marking freshly mopped floors. 2018-0029 (La. App. 1 Cir. 6/4/18); 251 So. 3d 1151. A visitor to the defendant hospital in Toussaint

slipped and fell after walking through a recently mopped area of floor approximately three feet by six feet in size and marked with a single "wet floor" sign. Id. at 1153. The trial court in Toussaint, affirmed by the court of appeal, found that the defendant hospital did not exercise reasonable care in part because "failure to use a sufficient number of signs to provide notice of the hazardous area to passersby is not reasonable." Id. at 1157. This finding was due in large part to trial testimony from the hospital's housekeeping management services contractor, who testified that a single warning sign was insufficient to provide notice of a mopped area larger than roughly three feet in circumference. Id. at 1155–56.

This holding is an outlier, and Melancon v. Popeye's Famous Fried Chicken is more typical of many Louisiana slip and fall cases. 2010-1109 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513. In Melancon, the presence of two warning cones and a visible mop bucket was held to be sufficient notice that a wet floor condition existed throughout a fast food restaurant. Id. at p. 4; 59 So. 3d at 516. However, Toussaint shows that a rational trier of fact can conclude that a single warning cone is unreasonable to warn of a wet floor hazard in a relatively small area. And while a hospital has a duty to exercise reasonable care in maintaining its premises in a safe condition, the "duty owed is less than that owed by a merchant." Grinnell v. St. Francis Med. Ctr., Inc., 48,249, p. 7 (La. App. 2 Cir. 8/21/13); 156 So. 3d 117, 122 (citing Holden v. La. State Univ. Med. Ctr.-Shreveport, 29,268 (La. App. 2 Cir. 2/28/97); 690 So. 2d 958; Reynolds v. St. Francis Med. Ctr., 597 So. 2d 1121 (La. Ct. App. 1992)). If a hospital is subject to a lesser duty and a single cone may not be enough to warn of a mopped floor in a very small area, then a merchant's use of a single cone to mark a much larger area could not be considered reasonable care in all cases. Indeed, for a smaller two-foot square area, a single cone may not represent reasonable care if it is placed next to, rather than on, the damp area

or in a location where it is not fully visible. Myles v. Brookshires Grocery Co., 29,100, p. 3 (La. App. 2 Cir. 1/22/97); 687 So. 2d 668, 671.

In this case, a Brookshire's employee mopped all of at least one aisle, and the only apparent warning is a single cone placed halfway down the aisle and up against a display case to one side of the aisle. There appear to be no other signs or warnings, such as the presence of the employee or the mop bucket, that might provide additional notice that mopping had recently taken place. There are also two warning cones visible in an adjacent aisle that was not mopped at any time shown in the surveillance video. Brookshire asserts that Capriotti cannot show that it failed to exercise reasonable care as required by La. R.S. 9:2800.6(B)(3), but a rational trier of fact could conclude from the surveillance video that a single warning cone placed to one side of a large area (perhaps six feet wide by at least twenty feet long) is inadequate notice of a potentially hazardous condition, especially with no additional notice to patrons that the hazard was due to freshly mopped floors.

Since rational juries could reach different conclusions on the factual question of whether Brookshire exercised reasonable care, summary judgment is not appropriate. See Thomas v. Caesars Entm't Operating Co., 2012-1202, p. 4 (La. App. 4 Cir. 1/23/13); 106 So. 3d 1279, 1282. These factfinders could also reach different conclusions on the unreasonableness of a wet floor created by the mopping. Because these linked reasonableness inquiries are highly fact-dependent and the Court must make inferences in Capriotti's favor, Brookshire is not entitled to judgment as a matter of law.

## IV. Conclusion

Brookshire asserts that Capriotti cannot prove that it failed to exercise reasonable care or that the condition causing her fall presented an unreasonable risk of harm. [Record Document 21-2 at 5]. However, the facts shown by the video surveillance satisfy Capriotti's burden to raise genuine factual disputes about the reasonableness of the mopping and the placement of the warning signs. These

questions present genuine issues of material fact best left for a jury's determination. Therefore, Brookshire's motion for summary judgment [Record Document 21] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 25th day of JUNE, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE